## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NELBA DEL CARMEN MARTINEZ, | ) | |
| PERLA REYES, | ) | |
| MIRELLA SHERMAN-RIOS, | ) | CIVIL ACTION NO. |
| MARIA CRUZ, | ) | |
| NICOLASA NAVA GERARDO, | ) | _____ |
| KARLA ANDINO MARTINEZ, | ) | |
| GREGORIA GUZMAN, | ) | |
| MARIA DEL ROSARIO HERMENEGILDO, | ) | |
| JULIO SANJUR AND, | ) | |
| RICARDO LIRA LAMAS, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EXCEL HOSPITALITY, LLC | ) | |
| D/B/A | ) | |
| MOTEL 6, NORCROSS , AND | ) | |
| SAJAAD CHAUDRY | ) | |
| Defendant | | |

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW, Nelba Del Carmen Martinez, Perla Reyes, Mirella Sherman-Rios, Maria Cruz, Nicolasa Nava Gerardo, Karla Andino Martinez, Gregoria Guzman, Maria Del Rosario Hermenegildo, Julio Sanjur, and Ricardo Lira Lamas (collectively "Plaintiffs"), and files this Complaint for damages and other relief

against Excel Hospitality, LLC, doing business as Motel 6, Norcross and Sajaad Chaudry (collectively "Defendants"), showing as follows:

## NATURE OF ACTION

This is an action for failure to pay required minimum wages and overtime compensation, and retaliation pursuant to the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U .S.C. §201 *et seq.*  Additionally, this is an action pursuant to the Civil Rights Act of 1991, 42 U.S.C. §1981, as amended ("§1981").

## PARTIES

1.

Plaintiffs are residents of the State of Georgia, and were employees of the Defendants within the meaning of the FLSA at all times relevant to this action.

2.

Defendant Excel Hospitality, LLC, d/b/a Motel 6 Norcross ("Excel") is a Domestic Profit Corporation doing business within the State of Georgia.  At all times relevant to this action, Defendant Excel was an employer within the meaning of the FLSA.  Defendant Excel may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and other applicable law, including, but not limited to, by delivering a copy of the Complaint and Summons to its registered

agent Sajaad Chaudry at 3301 Keenland Road, Cobb, Marietta, Georgia 30062. Defendant Sajaad Chaudry may be served with process at the same address.

3.

Defendant Sajaad Chaudry ("Chaudry") is an employer with the meaning of the FLSA, 29 U.S.C. §203(d).  Among other things, Defendant Chaudry acted directly or indirectly in his own interest as an employer by controlling the terms and conditions of employment Plaintiffs on a day-to-day basis, including but not limited to setting the working hours, conditions of employment, frequency and amount of Plaintiffs' compensation, as well as making the decision to hire or fire Plaintiffs.

4.

Defendants hired Nelba Del Carmen Martinez, Perla Reyes, Mirella Sherman-Rios, Maria Cruz, Nicolasa Nava Gerardo, Karla Andino Martinez, Gregoria Guzman, and Maria Del Rosario Hermenegildo ("Housekeeper Plaintiffs") as housekeepers to clean its premises.

5.

Defendants hired Plaintiffs Julio Sanjur and Ricardo Lira Lamas ("Maintenance Plaintiffs) as maintenance repair workers to repair its premises.

## <u>VENUE AND JURISDICION</u>

6.

Venue is proper under 28 U.S.C. §1391(b) and other applicable law. The unlawful employment practices occurred within the Northern District of Georgia.

7.

Defendants regularly conduct business within this State and District.

8.

This Court has jurisdiction over all parties.

9.

Defendants are engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203.  At all times material to this action, Defendants engaged in the hospitality and lodging industry and provided goods and services valued in excess of $500,000 annually.

10.

Plaintiffs were FLSA-covered employees through enterprise coverage.

11.

Plaintiffs were also FLSA-covered employees through individual coverage.

## RELEVANT FACTS

### 12

Defendants employed Plaintiffs to clean and repair its lodging premises located at 15 Oakbrook Parkway, Norcross, Georgia, 30093.

### 13.

Plaintiffs worked for the Defendants during the relevant periods applicable to the three-year statute of limitations pursuant to 29 U.S.C. §255 from May 2013 to March 2016.

### 14.

Defendants required the Housekeeper Plaintiffs to work from 10 a.m. to 8 p.m. six consecutive days per week with one day off per week.

### 15.

Defendants frequently required Housekeeper Plaintiffs to work 13 consecutive days with one day off in the pay period.

### 16.

Defendants required the Maintenance Plaintiffs to work 12 hours per day for five to seven days per week throughout their entire employment.

17.

Defendants required Plaintiffs to purchase and provide their own uniforms, cleaning supplies, and tools.

18.

Plaintiffs' purchases of cleaning supplies and tools without reimbursement from Defendants reduced their wages below the minimum wage required by law during the pay periods in which such purchases occurred.

19.

Defendants required the Housekeeper Plaintiffs to clean guest rooms during their regular shifts, and perform additional laundry duties after the end of their shifts while off of the clock.  Plaintiffs routinely worked several hours after their shifts performing laundry and other duties.

20.

Defendants did not provide periodic rest periods or lunch breaks to Plaintiffs and required them to work while eating.

21.

Defendants required the Maintenance Plaintiffs to live on the premises and be on-call after the end of their regular work shifts and on their off-days.  The

6

Maintenance Plaintiffs routinely responded to calls and requests after their regular shifts and well into the night.

22.

Defendants deducted $600 per month in rent from the Maintenance Plaintiffs' earnings to pay for their employer-required lodging.

23.

Defendants threatened Plaintiffs with termination or withholding their paychecks when they complained about their schedules, wages, working off the clock, or disparate treatment.

24.

Defendant provided periodic breaks to Caucasian housekeepers and maintenance workers and allowed them to take lunch breaks in the lunch room. Unlike Plaintiffs, the Caucasian housekeepers and maintenance workers did not work while on their lunch breaks and they were provided with other benefits of employment that were declined to Plaintiffs.

25.

Defendants failed to provide a safe work environment for Plaintiffs by allowing motel guests to bring firearms into the rooms and fire their weapons.

26.

Plaintiffs complained to Defendants about their wages and disparate treatment on multiple occasions.   Defendants responded to these complaints by, among other things, threatening them and by terminating their employments.

27.

Defendants discharged Plaintiffs in retaliation for complaining about their disparate treatment and not receiving minimum hourly wages and overtime pay.

28.

Defendants have a policy and practice of not paying overtime.  Pursuant to this policy and practice, Defendants intentionally took actions that were designed to avoid having to pay Plaintiffs the required minimum hourly wage and overtime compensation.

29.

Defendants failed to keep accurate and adequate records with respect to the hours worked by the Plaintiffs and they failed to provide the Plaintiffs with any earning statements.  As such, Defendants have violated the FLSA's recordkeeping provisions.

30.

Upon information and belief, Defendants failed to post and keep a posted notice explaining the FLSA in a conspicuous place so as to permit employees to readily read it, as required by 29 C.F.R. §516.4.

31.

Upon information and belief, Defendants failed to provide any such notice in writing or by public posting in a manner that could be readily understood by the Plaintiffs.  To the extent that Defendants posted any such notices exclusively in the English language, these notices were willfully inadequate and failed to satisfy the requirements of the FLSA.  Defendants knew that the Plaintiffs could not easily communicate in English and would likely be unable to read or to fully understand any English-language notices.

## COUNT I

## WILLFUL FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FLSA

32.

Plaintiffs incorporate by reference all preceding Paragraphs of the Complaint.

33.

Defendants failed to pay Plaintiffs the federal or state minimum wages for all hours worked in violation of §6 (a) (1) of the FLSA.  Instead, based on the hours worked and the pay received, Plaintiffs' generally received an hourly rate ranging from $3.25 to $6.42 during their entire employment with Defendants.

34.

Defendants' repeated failures to pay Plaintiffs the correct minimum wages was an intentional and willful violation of the FLSA.

35.

As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged and are entitled to the relief set forth in the Prayer for Relief below.

## COUNT II

## WILLFUL FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

36.

Plaintiffs incorporate by reference all preceding Paragraphs of the Complaint.

37.

Plaintiffs were employed by Defendants as non-exempt employees and should have been paid overtime at the rate of time and a half for all time worked in excess of forty hours per week.

38.

Plaintiffs routinely worked sixty (60) hours or more in each week during their entire employment with Defendants.

39.

Defendants refused to pay Plaintiffs overtime pay at one and one half times their required rate of pay for overtime hours worked in excess of 40 hours per week.

40.

Defendants knew that Plaintiffs were non- exempt employees and that they worked in excess of 40 hours a week, but refused to pay them the required overtime pay for overtime hours worked.  Defendants' repeated failures to pay Plaintiffs overtime represented intentional and willful violations of the FLSA.

41.

As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged and are entitled to the relief set forth in the Prayer for Relief below.

## COUNT III

## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

42.

Plaintiffs incorporate by reference all preceding Paragraphs of the Complaint.

43.

At all times material to this Complaint, Plaintiffs and Defendants were parties to contracts under which Plaintiffs agreed to work for Defendants and Defendants agreed to compensate Plaintiffs for their work.

44.

Plaintiffs performed their contractual obligations.

45.

Defendants discriminated against Plaintiffs with regard to the terms and conditions of their employment and contractual rights by failing to pay legally required minimum wages, overtime, and engaging in disparate treatment as compared to similarly situated Caucasian employees because of their race, in violation of 42 U.S.C.§1981.

46.

As a direct and proximate result of Defendants' discrimination, Plaintiffs have suffered damages including but not limited to, lost wages, humiliation, and emotional and economic pain and suffering.

47.

Defendants' actions in violation of 42 U.S.C. §1981 were intentional, willful, wanton, cruel, and oppressive.  Additionally and in the alternative, Defendants' actions in violation of 42 U.S.C. §1981 were undertaken with reckless disregard for Plaintiffs' federally protected rights.

48.

Plaintiffs are entitled to punitive damages.

## **COUNT IV**

## **RETALIATION IN VIOLATION OF FLSA AND 42 U.S.C. §1981**

49.

Plaintiffs incorporate by reference all preceding Paragraphs of the Complaint.

50.

At all times material to this Complaint, Plaintiffs and Defendants were parties to contracts under which Plaintiffs agreed to work for Defendants and Defendants agreed to compensate Plaintiffs for their work.

51.

Plaintiffs performed their contractual obligations.

52.

Plaintiffs engaged in activity protected by 42 U.S.C. §1981 and the FLSA, among other things, complaining about their pay and disparate treatment.

53.

Defendants terminated Plaintiffs' employment because of their race and in retaliation for complaining about race discrimination, failure to pay minimum wage and unpaid overtime wages.

54.

Defendants' actions in subjecting Plaintiffs to retaliation for engaging in protected activity by complaining of, and opposing, racial discrimination and Defendants' failure to pay minimum wage and overtime constitute unlawful intentional retaliation in violation of 42 U.S.C. §1981 and the FLSA.

55.

Defendants' actions in violation of the FLSA and 42 U.S.C. §1981 were intentional, willful, wanton, and oppressive. Additionally, and in the alternative, Defendants' actions in violation of the FLSA and 42 U.S.C. §1981 were undertaken with reckless disregard for the Plaintiffs' federally protected rights.

56.

Plaintiffs are entitled to punitive and liquidated damages.

## COUNT V: VIOLATION OF 29 U.S.C. §207(a)

## INJUNCTIVE RELIEF REQUIRING DEFENDANTS TO POST WAGE AND HOUR NOTICES AS REQUIRED UNDER THE FLSA

57.

Plaintiffs incorporate by reference all preceding Paragraphs of the Complaint

58.

Upon information and belief, Defendants failed to post and keep a posted notice explaining the FLSA in a conspicuous place so as to permit employees to readily read it, as required by 29 C.F.R. §516.4.

59.

Upon information and belief, Defendants failed to provide any such notice in writing or by public posting in a manner that could be readily understood by the Plaintiffs. To the extent that Defendants posted any such notices exclusively in the

English language, these notices were willfully inadequate and failed to satisfy the requirements of the FLSA.  Defendants knew that the Plaintiffs could not easily communicate in English and would likely be unable to read or to fully understand any English-language notices.

60.

Accordingly, Plaintiffs ask this Court to enter injunctive relief requiring Defendants to post in a conspicuous place a notice, in languages that the Plaintiffs can read and understand, containing the information required by the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand a trial by jury and that the following relief is granted:

a.      Declaratory judgment that Defendants have violated the FLSA;

b.      Judgment against Defendants for full back-pay from the date of judgment;

c.      Judgment against Defendants for liquidated damages in an additional amount equal to back pay and benefits in accordance with 29 U.S.C. §216(b);

d.      Judgment against Defendants attorney's fees and costs of litigation pursuant to 29 U.S.C. §216(b);

e.      Punitive damages;

f.      Prejudgment interest;

g.      Appoint a permanent monitor to review Defendants' compliance with

the FLSA; and

h.      Any and all further relief that this Court deems just.

Respectfully submitted this 9th day of May, 2016.


                                        **PRIOLEAU & MILFORT, LLC**


                                        <u>s/ Job J. Milfort</u>
                                        Job J. Milfort
                                        Georgia Bar No. 515915
                                        <u>Job@pmlawteam.com</u>
                                        271 17th Street, N.W., Suite 520
                                        Atlanta, Georgia  30363
                                        Phone: (404) 681-4886
                                        Fax: (404) 920-3330

                                        *Attorney for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned certifies that the foregoing document has been prepared in accordance with the requirements of Local Rule 5.1 of the Northern District of Georgia, using a Times New Roman font and 14 point size.

/s/ Job J. Milfort
Job J. Milfort