IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NELBA DEL CARMEN MARTINEZ et al., <br><br> Plaintiffs, <br><br> v. <br><br> EXCEL HOSPITALITY, LLC d/b/a Motel 6, Norcross, and SAJAAD CHAUDRY, <br><br> Defendants. | 1:16-cv-1493-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Perla Reyes ("Reyes") and Julio Sanjur's ("Sanjur") (together, "Settlement Plaintiffs") Notices of Acceptance of Defendants' Rule 68 Offer of Judgment [17], [18] ("Notices of Acceptance").

**I.    BACKGROUND**

On May 9, 2016, Plaintiffs Nelba Del Carmen Martinez, Mirella Sherman-Rios, Maria Cruz, Nicolasa Nava Gerardo, Karla Andino Martinez, Gregoria Guzman, Maria Del Rosario Hermenegildo, and Ricardo Lira Lamas (together, "Non-Settlement Plaintiffs") and Settlement Plaintiffs filed their Complaint [1]. The Complaint asserts claims, under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, for minimum wages, overtime

compensation, and retaliation. The Complaint also asserts racial discrimination and retaliation claims under the Civil Rights Act of 1991, 42 U.S.C. § 1981.

On December 8, 2016, Defendants Excel Hospitality, LLC and Sajaad Chaudry (together, "Defendants") served Reyes and Sanjur with offers of judgment under Rule 68 of the Federal Rules of Civil Procedure (the "Offers"). ([16]).[1] Defendants offered Reyes and Sanjur $4,500 each, $2,000 of which was designated as attorney's fees. ([17.1] at 3; [18.1] at 3). Defendants do not explain how these amounts were calculated. The Offers were "intended to resolve all of Plaintiff's claims against Defendants in this action, including without limitation any and all claims for injunctive relief, penalties, compensatory damages, statutory damages, attorney's fees, litigation expenses and costs of suit." ([17.1] at 3; [18.1] at 3). On December 10, 2016, Reyes and Sanjur filed their Notices of Acceptance, stating their acceptance of the Offers and "request[ing] that Judgment be entered in [their] favor, and against Defendant, in the amount of $4,500.00" each. ([17] at 2; [18] at 2).

---

[1] Defendants also served Rule 68 offers of judgment on the Non-Settlement Plaintiffs.

**II.     DISCUSSION**

    A.     <u>Legal Principles</u>

Federal Rule of Civil Procedure 68(a) provides that:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).  "The purpose of Rule 68 is to encourage the settlement of litigation." <u>Delta Air Lines, Inc. v. August</u>, 450 U.S. 346, 349-50 (1981).  The Supreme Court has characterized a Rule 68 offer of judgment as a "formal settlement offer."  <u>Walker v. Vital Recovery Servs., Inc.</u>, 300 F.R.D. 599, 601 (N.D. Ga. 2014).

    Despite the unconditional language in Rule 68(a), "courts in this Circuit have held that Rule 68 offers of judgment are subject to judicial scrutiny." <u>Id.</u> at 602 (collecting cases).  "The Eleventh Circuit has held that FLSA claims may only be abridged or settled after a court reviews the proposed settlement to ensure that it is fair and reasonable." <u>Luna v. Del Monte Fresh Produce (Se.), Inc.</u>, No. 1:06-cv-2000, 2008 WL 754452, at *12 (N.D. Ga. Mar. 19, 2008); <u>see</u> <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to

3

the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). The settlement must be "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" because to permit other compromises "would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." Lynn's Food Stores, 679 F.2d at 1352-53; cf. Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1307 (11th Cir. 2013) ("[P]ermitting an employer to secure a release from the worker who needs his wages promptly will tend to nullify the deterrent effect which Congress plainly intended that the FLSA should have."). "[T]he district court must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee." Rakip v. Paradise Awnings Corp., 514 Fed. App'x. 917, 919-20 (11th Cir. 2013); cf. Nall, 723 F.3d at 1307 ("Given the often great inequalities in bargaining power between employers and employees, mandatory protections not subject to negotiation or bargaining between employers and employees are needed to ensure that an employer—who has a strong bargaining position—does not take advantage of an employee.").[2]

---

2   "Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or

4

In considering the fairness and reasonableness of a FLSA settlement, courts consider "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); see Colacitti v. Alberto's Rest., LLC, No. 2:16-cv-232, 2016 WL 4942053, at *1 (M.D. Fla. Sept. 2, 2016).  Courts also consider whether there is a "bona fide dispute over FLSA provisions" and whether the settlement "impermissibly frustrates implementation of the FLSA." Lynn's Food Stores, 679 F.2d at 1353; Dees, 706 F. Supp. 2d at 1241.

"The Court should be mindful of the strong presumption in favor of finding a settlement fair." Mannino v. Anderson-Collins, Inc., No. 607-cv-1853, 2008 WL 2857061, at *2 (M.D. Fla. July 22, 2008) (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)); see Siegenthaler v. Kane Furniture Co. of Ormond Reach, No. 607-cv-173, 2007 WL 1893906, at *2 (M.D. Fla. July 2, 2007)

---

liquidated damage claims may be allowed:  a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355.

("[A] settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." (quoting In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 806 (3d Cir. 1995)).  "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.  Rarely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); see Thomas v. Port II Seafood & Oyster Bar, Inc., No. 16-cv-0115, 2016 WL 5662032, at *2 (S.D. Ala. Sept. 29, 2016).

B.   Analysis

The Court finds that the record is currently insufficient to adequately review the fairness and reasonableness of Defendants' proposed settlements with Plaintiffs Reyes and Sanjur.  The parties have not identified or described their "bona fide [FLSA] dispute." Lynn's Food Stores, 679 F.2d at 1355; see Dees, 706 F. Supp. 2d at 1241 ("[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute.").[3]  They have not provided any basis for the settlement amount or "even

---

[3]   "The parties' motion [to approve a proposed FLSA settlement] must describe the nature of the dispute (for example, a disagreement over coverage,

an estimate as to the amount plaintiffs might be entitled to recover on their [claims]." See Luna, 2008 WL 754452, at *12 (striking Rule 68 offers, in a FLSA case, because "[t]he amount specified in the offers appears to have been randomly selected"); see also Walker, 300 F.R.D. at 605 ("[T]he Court agrees the record is presently insufficient to perform the judicial review required by Lynn's Food," including because "Defendants have provided no evidence to support the bonus calculations or any estimate as to the basis for the remaining two damage theories"). The parties also have not provided a basis for the attorney's fees. See Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.").

---

exemption, or computation of hours worked or rate of pay) resolved by the compromise. Parties wishing to compromise a coverage or exemption issue must describe the employer's business and the type of work performed by the employee. The employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages. If the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage. In any circumstance, the district court must ensure the bona fides of the dispute; implementation of the FLSA is frustrated if an employer can extract a disproportionate discount on FLSA wages in exchange for an attenuated defense to payment." Dees, 706 F. Supp. 2d at 1241-42.

To the extent the parties seek judicial approval of their proposed settlements under Rule 68, they are required to file a joint motion seeking this relief.  The motion should provide the Court with information that is sufficient to allow the Court to adequately review the settlements for fairness and reasonableness.  Absent this additional information, judgment shall not be entered in favor of the Settlement Plaintiffs, despite their Notices of Acceptance.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that judgment shall not now be entered in favor of Plaintiffs Perla Reyes and Julio Sanjur.

**IT IS FURTHER ORDERED** that Defendants and Plaintiffs Perla Reyes and Julio Sanjur should file a joint motion seeking judicial approval of their proposed settlements.  The motion must provide the Court with information that is sufficient to allow the Court to adequately review the settlements for fairness and reasonableness.

**SO ORDERED** this 24th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE