IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NELBA DEL CARMEN MARTINEZ, PERLA REYES, MIRELLA SHERMAN-RIOS, MARIA CRUZ, NICOLASA NAVA GERARDO, KARLA ANDINO MARTINEZ, GREGORIA GUZMAN, MARIA DEL ROSARIO HERMENEGILDO, JULIO SANJUR AND, RICARDO LIRA LAMAS, | CIVIL ACTION FILE NO. 1:16-CV-01493-WSD |
| Plaintiffs, v. | |
| EXCEL HOSPITALITY, LLC D/B/A MOTEL 6 NORCROSS, AND SAJAAD CHAUDRY, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**JOINT MOTION FOR APPROVAL OF PLAINTIFFS' SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs Nicolasa Gerardo, Gregoria Guzman, Nelba Del Carmen Martinez, Maria Cruz, Karla Martinez, Ricardo Lamas, Mirella Sherman-Rios, and Maria Del Rosario Hermengildo ("Plaintiffs"),[1] and Defendants Excel Hospitality, LLC and

---

[1]    On January 27, 2017, this Court granted the Parties' Joint Motion to Approve the settlement reached through an accepted Offer of Judgment for Plaintiffs Perla Reyes and Julio Sanjur [Doc. 25].

Sajaad Chaudry (collectively "Defendants") file this Joint Motion for Approval of the Settlement reach by Plaintiffs and Defendants (the "Parties") during the Court Ordered mediation conducted by United States Magistrate Judge Janet F. King on July 12, 2017.  The motion is also based on all the files, records, and proceedings herein.

The Parties jointly request that the Court enter an Order approving the settlement reached between the Parties as a fair resolution of their bona fide dispute regarding the amount Plaintiffs are entitled to under the FLSA.  The Parties' settlement is a product of arm's-length negotiations between the Parties and their experienced counsel, with the aid of United States Magistrate Judge Janet F. King during mediation.  The Parties respectfully submit that the settlement is fair, reasonable, and consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and that all of the relevant criteria support approval of the settlement.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2016, Plaintiffs filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*[2] [Doc. 1].  Defendants filed

---

[2]     As noted in the Consolidated Pretrial Order, Plaintiffs abandoned their 42 U.S.C. §1981 claims.

their Answers on June 6, 2016, denying all of Plaintiffs' claims.  [Doc. 4].  After Defendants filed their Answer, the Parties actively engaged in extensive discovery.

From October 18, 2016 through December 2016, the Parties also engaged in arm-length negotiations, which included the filing of several Offers of Judgment.  In January 2017, after the close of discovery, Plaintiffs' filed a motion for partial summary judgment. [Doc. 20].  Defendants filed a timely response [Doc. 26] to Plaintiffs' motion and, Plaintiffs submitted their reply. [Doc. 27].  The Parties later entered into a Stipulation regarding liability and the applicable overtime rates.  [Doc. 30].  Pursuant to this Court's Order, the Parties filed their Consolidated Pretrial Offer on April 28, 2017 [Doc. 33].  On May 2, 2017, this Court Ordered the Parties to mediation.  [Docs. 34 & 35].  On July 12, 2017, United States Magistrate Janet F. King conducted the mediation.  After consultation with counsel and Magistrate King, Plaintiffs agreed to resolve their case.  [Doc. 37].  The Parties believe that the settlement is a fair, reasonable and appropriate resolution of this disputed case.

The Parties state and agree that the terms and conditions of this settlement are fair, reasonable, and in the best interest of the Parties. The Parties have agreed to resolve this case because the settlement reflects a reasonable compromise of the Parties' disputed issues and any actual or potential claims.  In addition, the Parties believe that the certainty of settlement is far better than the uncertain outcome of a

lengthy trial. The Parties also gave due consideration to the possibility of Defendants' insolvency, Plaintiffs' desire not to participate in a trial, and the consequences of failing to accept Defendants' Offers of Judgment if Plaintiffs were awarded a lesser amount at trial.

## II.   ARGUMENT AND CITATION TO AUTHORITY

### A. Legal Standards.

As this Court explained in its Order dated January 14, 2017, the Court must scrutinize the compromise of a FLSA action for fairness. [Doc. No. 22].  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982).

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D.

Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575 *3.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### B. The Settlement is a Fair, Just, and Reasonable Compromise of Disputed Claims.

Plaintiffs alleged in their Complaint that Defendants violated the FLSA by failing to pay them overtime throughout their employment. While Defendants concede that Plaintiffs are owed overtime, they have strenuously denied the amounts Plaintiffs claim they are due and believe they have strong defenses against Plaintiffs' allegations. If Plaintiffs ultimately prevail, Defendants could be faced with a monetary verdict in favor of Plaintiffs, as well as an obligation to pay attorneys' fees and litigation costs. If Defendants ultimately prevails, then Plaintiffs' would be faced with dismissal of their claims, no recovery of any kind, and could have to pay

certain costs.  Moreover, pursuant to Fed. R. Civ. P. 68, Plaintiffs could be faced with certain consequences for failing to accept Defendants' Offers of Judgment if they prevail for an amount less than the amount set forth in Defendants' offers. Accordingly, there is a bona fide dispute between the Parties.

As noted in the attached Settlement Agreements, the Parties have agreed to settle Plaintiffs' cases for the following amounts:

Maria Del Rosario Hermengildo – $13,700

Nicolasa Gerardo – $10,100

Gregoria Guzman – $10,100

Ricardo Lamas – $7,600

Nelba Del Carmen Martinez – $6,000

Karla Martinez – $2,500

Mirella Sherman-Rios – $2,500

Maria Cruz – $1,900

These amounts are fair and reasonable because they represent compensation for more than Defendants acknowledge that they owe to Plaintiffs, including more than the amounts presented in Defendants' last Offers of Judgments.  Although Plaintiffs alleged that they are entitled to more, Plaintiffs' acknowledge the difficulties of proving the hours claimed and the inherent risk of trial.  Indeed, during

the mediation, Magistrate King highlighted several weaknesses in Plaintiffs' claimed hours and their ability to establish same.  Moreover, each of the Plaintiffs expressed a strong desire to resolve their case at the mediation rather than engaging in a risky trial sometime in the future that may not yield them any actual recovery.

In light of these facts, the uncertainty of a trial, Defendants' potential insolvency, and the consequences associated with Plaintiffs' failure to accept Defendants' Offers of Judgment, the Parties believe the settlement is fair and reasonable.  Given these circumstances, a presumption of fairness should attach to the proposed settlement.  *Lynn*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Moreover, the endorsement of the settlement by counsel for the Parties is a "factor that weighs in favor of approval" of an FLSA settlement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation."  *Quintanilla v. A&R Demolition, Inc.,* 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008).  Here, Plaintiffs' counsel is fully aware of Plaintiffs' factual contentions and the evidence supporting same and is in the best position to opine as to whether this settlement produces fair results after consideration of risks.

Plaintiffs' counsel has concluded that Plaintiffs' settlement with Defendants is fair, reasonable, adequate, and in the best interest of Plaintiffs.

The Court should also approve the settlement because the Parties engaged in arms-length settlement negotiations and were able to reach an agreement to resolve this matter through negotiations between their respective counsel, and after engaging in mediation conducted by Magistrate King. Courts have found no fraud or collusion where both Parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11–12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel vigorously represented their clients' interests.

Lastly, the Parties submit that the total attorneys' fees amount of $50,000 to Plaintiffs' counsel is reasonable given the signfiicant amount of time and effort expended on this case. As noted, the Parties reached a settlement after submitting and reviewing several rounds of written discovery, including multiple conferrals between counsel regarding Defendants' discovery responses; the preparation for, and completion of, Defendant Chaudry's deposition; multiple efforts to secure the Declaration of Chloe Williams; submission of dispositive motions; submission of a

8

Consolidated Pretrial Order; and after a mediation with Magistrate King. Based on the amounts to be paid to Plaintiffs, as well as the separate amount to be paid to their counsel for his efforts, the Parties believe it is clear that there was no fraud or collusion and that the attorneys' fees amount fairly compensates counsel. The Parties further notes that, in discussing Plaintiffs' damages, the Parties discussed the amounts owed to Plaintiffs separately from attorneys' fees. Thus, no conflict of interest taints the attorneys' fees amount.

## III.   CONCLUSION

The settlement in this case is the product of highly-contested litigation, Plaintiffs are represented by competent and experienced counsel, and the settlement reflects a reasonable compromise over disputed issues. The Parties therefore respectfully submit that the settlement is fair and reasonable and consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and that all of the relevant criteria support approval of their settlement.

For these reasons, the Parties respectfully request that this Court approve Plaintiffs' settlement and administratively close this case until Plaintiffs' receive the full settlement payment from Defendants. On or before 30 days after the settlement payment is received, the Parties will file a stipulation of dismissal with prejudice or

a status report regarding the settlement, with the right of any party to reopen the case

if the settlement is not concluded.

Respectfully submitted this 24th day of July, 2017.


/s/ Job J. Milfort                                    /s/ Roy Banerjee
Job J. Milfort, Esq.                                  Roy A. Banerjee, Esq.
Georgia Bar No. 515915                               Georgia Bar No. 035917
job@pmlawteam.com                                    rbanerjee@kppblaw.com
PRIOLEAU & MILFORT, LLC
3800 Camp Creek Parkway                              KPPB LAW
Building 1800, Suite 124                             One Lakeside Commons, Suite 800
Atlanta, Georgia 30331                               990 Hammond Drive, NE
Telephone: (404) 681-4886                            Atlanta, Georgia 30328
Facsimile: (404) 920-3330                            Telephone:  (678) 443-2220
                                                     Facsimile:   (678) 443-2230
Attorney for Plaintiff Perla Reyes
                                                     Attorneys for Defendants

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned certifies that the foregoing document has been prepared in accordance with the requirements of Local Rule 5.1 of the Northern District of Georgia, using a Times New Roman font and 14-point size.

/s/ Job J. Milfort
Job J. Milfort

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NELBA DEL CARMEN MARTINEZ, PERLA REYES, MIRELLA SHERMAN-RIOS, MARIA CRUZ, NICOLASA NAVA GERARDO, KARLA ANDINO MARTINEZ, GREGORIA GUZMAN, MARIA DEL ROSARIO HERMENEGILDO, JULIO SANJUR AND, RICARDO LIRA LAMAS, | CIVIL ACTION FILE NO. 1:16-CV-01493-WSD |
| Plaintiffs, v. | **JURY TRIAL DEMANDED** |
| EXCEL HOSPITALITY, LLC D/B/A MOTEL 6 NORCROSS, AND SAJAAD CHAUDRY, | |
| Defendants. | |

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on July 24, 2017, I electronically filed the foregoing Joint Motion for Approval of Plaintiffs' Settlement with Memorandum of Law in Support Thereof using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Roy A. Banerjee, Esq.
rbanerjee@kppblaw.com

I further certify that the foregoing document was prepared using 14 point Times New Roman font.

This 24th day of July, 2017.

/s/ Job J. Milfort
Job J. Milfort, Esq.
Georgia Bar No. 515915

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NELBA DEL CARMEN MARTINEZ, PERLA REYES, MIRELLA SHERMAN-RIOS, MARIA CRUZ, NICOLASA NAVA GERARDO, KARLA ANDINO MARTINEZ, GREGORIA GUZMAN, MARIA DEL ROSARIO HERMENEGILDO, JULIO SANJUR AND, RICARDO LIRA LAMAS, | CIVIL ACTION FILE NO. 1:16-CV-01493-WSD |
|      Plaintiffs, v. | |
| | **JURY TRIAL DEMANDED** |
| EXCEL HOSPITALITY, LLC D/B/A MOTEL 6 NORCROSS, AND SAJAAD CHAUDRY, | |
|     Defendants. | |

## [PROPOSED] ORDER APPROVING PLAINTIFFS' SETTLEMENT

The above-styled matter is presently before the Court on the Parties' Joint Motion for Approval of Plaintiffs' Settlement. The Parties have requested that the Court review and approve the Settlement reached after mediation with Magistrate Janet F. King. The Court has reviewed the Parties' Joint Motion and finds that the settlement in this case is a fair and reasonable resolution of their dispute. Accordingly, the Joint Motion for Approval of Plaintiffs' Settlement is GRANTED.

IT IS SO ORDERED, this _____ day of _____, 2017.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE